UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. HUERTA, et al.,<br><br>　　　　Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS AND DEFENDANTS, CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER, IN LIGHT OF <u>WILLIAMS</u> DECISION (ECF NO. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　BACKGROUND**

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the original Complaint, filed on January 30, 2017, against defendants C/O J. Scalia and C/O M. Huerta for use of excessive force in violation of the Eighth Amendment, and against defendant C/O J. Scalia for retaliation in violation of the First Amendment. (ECF No. 1.)

Plaintiff has consented to magistrate judge jurisdiction and Defendants have not consented to or declined magistrate judge jurisdiction. (ECF No. 8.) However, the magistrate judge previously screened Plaintiff's Complaint before any defendants appeared. (ECF Nos. 9, 11.) On August 31, 2017, the court issued a screening order finding that Plaintiff stated a claim against defendants Scalia and Huerta for use of excessive force in violation of the Eighth

1

Amendment, and against defendant Scalia for retaliation in violation of the First Amendment, but no other claims against any of the Defendants. (ECF No. 9.) The court's order required Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against Defendants Scalia and Huerta on the claims found cognizable by the court. (Id.) On September 11, 2017, Plaintiff filed a notice that he wished to proceed with the claims found cognizable by the court. (ECF No. 10.)

Based on Plaintiff's representations in the September 11, 2017 notice, the magistrate judge issued an order on September 13, 2017, for this case to proceed only against Defendants Scalia and Huerta for use of excessive force in violation of the Eighth Amendment, and against Defendant Scalia for retaliation in violation of the First Amendment, and dismissing all remaining claims and defendants. (ECF No. 11.) In the order, the magistrate judge dismissed Defendants Lieutenant A. Ruiz, Sergeant A. Randolph, and five Doe Defendants from this action, for Plaintiff's failure to state any claims against them. (Id.) The magistrate judge also dismissed Plaintiff's claims for failure to protect him and inadequate medical care, for Plaintiff's failure to state a claim. (Id.)[1]

As described below, in light of Ninth Circuit authority, this court is recommending that the assigned district judge dismiss Defendants Lieutenant A. Ruiz, Sergeant A. Randolph, and five Doe Defendants from this action, and dismiss Plaintiff's claims for failure to protect him and inadequate medical care from this action, for failure to state a claim under § 1983, consistent with the September 13, 2017, order by the magistrate judge.

## II. WILLIAMS V. KING

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and Defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017).

---

[1] Subsequently, Defendants Scalia and Huerta were served with process and on December 1, 2017, appeared in this action. (ECF No. 17.)

Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, Defendants were not served at the time the court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss Plaintiff's claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this court, for the reasons provided in the court's September 13, 2017, order.

## III. CONCLUSION AND RECOMMENDATIONS

The court finds that this case should proceed only against Defendants Scalia and Huerta for use of excessive force in violation of the Eighth Amendment, and against Defendant Scalia for retaliation in violation of the First Amendment, and all other claims and defendants should be dismissed based on Plaintiff's failure to state a claim, for the reasons provided in the court's September 13, 2017, order.

Therefore, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. In light of the holding in Williams, the district judge dismiss the claims and defendants previously dismissed by the magistrate judge on September 13, 2017;

2. This case now proceed with Plaintiff's Complaint, filed on January 30, 2017, against Defendants Scalia and Huerta for use of excessive force in violation of the Eighth Amendment, and against Defendant Scalia for retaliation in violation of the First Amendment;

3. All other claims and defendants be dismissed from this action for failure to state a claim under § 1983 upon which relief may be granted, for the reasons provided in the magistrate judge's September 13, 2017, order;

4. Defendants Lieutenant A. Ruiz, Sergeant A. Randolph, and five Doe Defendants be dismissed from this action for Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted; and

5. Plaintiff's claims for failure to protect him and inadequate medical care be dismissed from this action based on Plaintiff's failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 15, 2017**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE