UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | 1:17-cv-00130-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF No. 25.) |
| vs. | |
| M. HUERTA, et al., | ORDER STAYING DISCOVERY, EXCEPT FOR THE LIMITED PURPOSE DESCRIBED BY THIS ORDER PENDING RESOLUTION OF DEFENDANT SCALIA'S MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |

## I.     BACKGROUND

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the original Complaint, filed on January 30, 2017, against defendants C/O J. Scalia and C/O M. Huerta ("Defendants") for use of excessive force in violation of the Eighth Amendment, and against defendant C/O J. Scalia for retaliation in violation of the First Amendment.  (ECF No. 1.)

On December 4, 2017, the court issued a Discovery/Scheduling Order which opened the discovery phase for this action and established a deadline of May 4, 2018, for the parties to complete discovery.  (ECF No. 19.)  On January 10, 2018, defendant Scalia filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies for

the retaliation claim in this case.  (ECF No. 24.)  This motion for summary judgment is now pending.

On January 10, 2018, Defendants filed a motion for a protective order staying discovery, or in the alternative permitting only limited discovery, pending resolution of defendant Scalia's exhaustion motion.  (ECF No. 25.)  On January 30, 2018, Plaintiff filed an opposition to the motion for protective order.  (ECF No. 27.)  On February 6, 2018, Defendants filed a reply to Plaintiff's opposition.  (ECF No. 29.)  The motion for protective order is now before the court.  Local Rule 230(*l*).

## II.    MOTION FOR PROTECTIVE ORDER – RULE 26(c)

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  The court has inherent authority to manage the cases before it.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance"); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). District courts may exercise "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  A stay of discovery pending the resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants.  See id. (noting furtherance of efficiency goal when staying discovery pending resolution of immunity issue).  Indeed, the Ninth Circuit has recently held that staying discovery pending the resolution of an exhaustion motion is proper.  See Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (establishing propriety of delaying discovery pending resolution of exhaustion motion).

Defendants seek a stay of discovery on the ground that defendant Scalia's motion for partial summary judgment (ECF No. 24), filed on January 10, 2018, remains pending and is potentially dispositive of the retaliation claim in this case. The motion for summary judgment asserts non-exhaustion of administrative remedies for Plaintiff's retaliation claim. Defendants argue that additional discovery is not necessary to decide the exhaustion motion, and even if discovery were necessary, discovery should be limited to evidence relevant to the pending motion only. Defendants also argue that it would be a waste of resources to require the parties to respond to discovery requests on the merits of the case before the exhaustion motion is decided.

Plaintiff argues that he intends to amend the Complaint to add a claim alleging that C/O Scalia was a danger to mental health prisoners, and he seeks witnesses and documents in support of this claim that can only be produced through discovery. Plaintiff also seeks to request discovery in support of his opposition to the exhaustion motion.

Defendants respond that Plaintiff has not identified any evidence he does not already have that is necessary to decide the exhaustion issue. Defendants also argue that Plaintiff's claim that defendant Scalia posed a danger to mental health prisoners, which Plaintiff intends to raise in an amended complaint, is irrelevant to exhaustion, and it would be a waste to expend resources on Plaintiff's theory now when it is not clear the claim will survive the court's requisite screening [under 28 U.S.C. § 1915A].

**Discussion**

The court agrees that discovery should be stayed in this case, with the exception of discovery related to whether Plaintiff failed to exhaust administrative remedies, and will therefore order that discovery be stayed in part, pending the resolution of defendant Scalia's summary judgment motion based on failure to exhaust.

Based on Defendants' arguments, and a review of defendant Scalia's pending motion for partial summary judgment, the court finds good cause to grant Defendants' motion for a protective order. Defendant Scalia's motion for summary judgment is based on the ground that Plaintiff failed to exhaust his administrative remedies for the retaliation claim at issue in this

case. Resolution of defendant Scalia's motion for summary judgment may dispose of the retaliation claim, which would cause discovery to be unnecessary on the issue of retaliation.

///

Plaintiff's argument that he needs to conduct discovery for a claim that is not currently at issue in this case is unpersuasive. If Plaintiff intends to add another claim by amendment, he can wait until after the exhaustion motion is resolved. The deadline to amend pleadings is April 3, 2018, and the court does not anticipate a lengthy stay pending resolution of the motion for summary judgment. Moreover, the court is not opposed to an extension of the deadline to amend pleadings if needed. If Plaintiff requires an extension of the deadline to amend pleadings, he should file a motion before the deadline expires showing good cause.

Based on the foregoing, Defendants' motion for a protective order staying discovery in part shall be granted. Thus, except for discovery related to whether Plaintiff failed to exhaust administrative remedies, the parties are shielded from responding to any discovery requests or serving further discovery requests until the stay is lifted. If the parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of administrative remedies, they may retain the discovery for later consideration after the stay has been lifted.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion for a protective order, filed on January 10, 2018, is GRANTED;

2.    Discovery in this action, which commenced on December 4, 2017, is STAYED, except for discovery related to whether Plaintiff has exhausted administrative remedies for the retaliation claim, pending resolution of the motion for summary judgment filed by defendant Scalia on December 27, 2017; and

3.    Following the resolution of defendant Scalia's motion for summary judgment, the court shall issue a new scheduling order if needed.

IT IS SO ORDERED.

Dated: **February 22, 2018**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE