UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>  Plaintiff,<br><br>  vs.<br><br>M. HUERTA, et al.,<br><br>  Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 42.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE FOR FILING DISPOSITIVE MOTIONS, FOR ALL PARTIES**<br><br>**<u>New</u> discovery deadline - 05/24/19**<br><br>**<u>New</u> dispositive motion filing deadline - 07/24/19** |

**I.    BACKGROUND**

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint, filed on January 30, 2017, against defendants C/O J. Scalia and C/O M. Huerta for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

On August 21, 2018, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of February 21, 2019 for the parties to complete discovery, and a deadline of March 22, 2019 for the filing of pretrial dispositive

---

[1] On September 13, 2017, the court dismissed Plaintiff's Eighth Amendment claims for failure to protect and inadequate medical care from this action, and also dismissed defendants Lieutenant A. Ruiz, Sergeant A. Randolph, and five Doe Defendants from this action for Plaintiff's failure to state a claim. (ECF No. 11.) On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia for Plaintiff's failure to exhaust administrative remedies. (ECF No. 37.)

motions. (ECF No. 39.) On August 31, 2018, the court extended the dispositive motions deadline to April 22, 2019. (ECF No. 40.)

On January 31, 2019, Plaintiff filed a motion to extend the discovery deadline. (ECF No. 42.) On February 21, 2019, Defendants filed a statement of non-opposition to Plaintiff's motion. (ECF No. 43.) Plaintiff's motion is now before the court. Local Rule 230(*l*).

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests a ninety-day extension of the discovery deadline because on December 10, 2018, he was transferred from Mule Creek State Prison to California State Prison-Sacramento and does not have access to all of his legal property. Plaintiff argues that he needs his documents to fully participate in discovery.

### Discussion

Plaintiff has shown that even with the exercise of due diligence he cannot meet the requirements of the Discovery and Scheduling Order without extension of the discovery deadline. Defendants do not oppose Plaintiff's motion and therefore the court finds good cause to grant the motion and extend the discovery deadline to **May 24, 2019**, for all parties. In addition, the court shall extend the deadline for filing dispositive motions to **July 24, 2019**, for all parties.

## III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the court's scheduling order, filed on January 31, 2019, is GRANTED;

2. The discovery deadline and the deadline for filing dispositive motions are extended for all parties as follows:

**<u>New</u> discovery deadline - 05/24/19**
**<u>New</u> dispositive motion filing deadline - 07/24/19**

3. All other provisions of the court's August 21, 2018 Discovery and Scheduling order remain the same.

IT IS SO ORDERED.

Dated: **February 28, 2019**                **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE