UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, <br><br> Plaintiff, <br><br> vs. <br><br> M. HUERTA, et al., <br><br> Defendants. | 1:17-cv-00130-AWI-GSA-PC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE (ECF No. 45.)** |

**I.  BACKGROUND**

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the original Complaint, filed on January 30, 2017, against defendants C/O J. Scalia and C/O M. Huerta for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

---

[1] On September 13, 2017, the court issued an order for this case to proceed only against defendants Scalia and Huerta for use of excessive force, and against defendant Scalia for retaliation, and dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim.  (ECF No. 11.)  On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies.  (ECF No. 37.)

1

On May 20, 2019, Plaintiff filed a motion requesting transfer of this case to the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 45.) On June 21, 2019, Defendants filed an opposition. (ECF No. 48.)

## II. CHANGE OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c). Local Rule 120(d) provides that, "All civil . . . actions cognizable in the United States District Court for the Eastern District of California arising in . . . Kings [County] . . . shall be commenced in the United States District Court sitting in Fresno, California." L.R. 120(d).

### Discussion

Plaintiff requests a change of venue for this case from the Fresno Division to the Sacramento Division of this court to avoid unnecessary costs of transporting Plaintiff from CSP-Sacramento, where he is currently incarcerated, to CSP-Corcoran during the pendency of this case. Plaintiff also argues that a change of venue would be more convenient for defense counsel.[2] Plaintiff also asserts that he has surgical procedures pending in the Sacramento area.

---

[2] Defense counsel's office is located in Sacramento. (Court docket.)

Defendants argue that a change of venue is inappropriate under the last clause of section 1404(a) (which requires transfer to a "district or division to which all parties have consented") or under section 1404(b) (which requires a "motion, consent or stipulation of all parties"), because defendants Huerta and Scalia do not consent to transfer of venue. Defendants assert that a transfer to Sacramento would not be convenient for them because they both work in Kings County. In addition, they argue that the transfer cannot be made under the remaining provision of section 1404(a) because the Sacramento Division is not a venue where the case "might have been brought" at the time it was filed, because it arises from alleged events at California State Prison, Corcoran, which is located in Kings County, Plaintiff was a Kings County resident, and both Defendants were working in Kings County. Defendants advise that if Plaintiff has surgical procedures pending in the Sacramento area that will prevent him from participating in this litigation, he should seek a stay rather than a transfer.

Defendants' arguments have merit. Plaintiff's claims in the Complaint, brought pursuant to 42 U.S.C. § 1983, stem from events that occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was incarcerated there, and all of the defendants named in the Complaint were employed at CSP at the time of the events at issue. CSP is located in Kern County which is within the boundaries of the Fresno Division of the United States District Court for the Eastern District of California. Because all of the defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claim occurred in the Eastern District, venue for this action is proper only in the Eastern District, and under Local 120(d), the action could not have been brought in the Sacramento Division of the Eastern District.

Plaintiff's argument based on the possibility that he may be required to travel a distance to attend trial in this action is speculative at this stage of the proceedings. Plaintiff's case may be resolved without a trial, or Plaintiff may be moved to another facility closer to the trial court during the pendency of this action. Plaintiff's argument that venue should be changed for the convenience of the court, so that all of his cases are "under the same courthouse," is unpersuasive. Therefore, Plaintiff's motion for change of venue shall be denied.

///

**III.     CONCLUSION**

Accordingly, THE COURT HEREBY ORDERS that Plaintiff's motion for change of venue, filed on May 20, 2019, is DENIED.

IT IS SO ORDERED.

Dated:  **July 29, 2019**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE