UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | 1:17-cv-00130-AWI-GSA-PC |
| Plaintiff, | **ORDER STRIKING IMPERMISSIBLE SURREPLY** |
| vs. | **(ECF No. 58.)** |
| M. HUERTA, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the original Complaint, filed on January 30, 2017, against C/O J. Scalia and C/O M. Huerta ("Defendants") for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On July 24, 2019, Defendants filed a motion for summary judgment.  (ECF No. 51.)  On August 7, 2019, Plaintiff filed an opposition to the motion.  (ECF No. 56.)  On August 13, 2019, Defendants filed a reply to the opposition.  (ECF No. 57.)

---

[1] On September 13, 2017, the court issued an order for this case to proceed only against defendants Scalia and Huerta for use of excessive force, and defendant Scalia for retaliation, then dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim.  (ECF No. 11.)  On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies.  (ECF No. 37.)

1

On August 26, 2019, Plaintiff filed a reply to Defendants' reply. (ECF No. 58.) The court construes Plaintiff's reply as an impermissible surreply.

**II.     SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, https://definitions.uslegal.com/s/sur-reply/ (last visited August 13, 2019). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's reply to Defendants' reply is a surreply because it was filed on August 26, 2019, after Defendant's motion for summary judgment was fully briefed. The motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on August 13, 2019, when Defendants filed a reply to Plaintiff's opposition. (ECF No. 57.) In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[2]

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on August 26, 2019, is STRICKEN from the court's record.

IT IS SO ORDERED.

   Dated:  __August 30, 2019__          _____/s/ Gary S. Austin_____
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] "A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 4 at 2 ¶ II.A.)