UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. HUERTA, et al.,<br><br>    Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>**(ECF No. 46.)** |

## I. BACKGROUND

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the original Complaint, filed on January 30, 2017, against C/O J. Scalia and C/O M. Huerta ("Defendants") for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

On February 28, 2019, the court granted Plaintiff's motion to modify the scheduling order and extended the discovery deadline to May 24, 2019, and the dispositive motion filing deadline to July 24, 2019. (ECF No. 44.) The deadlines have now expired.

On June 4, 2019, Plaintiff filed a motion to compel. (ECF No. 46.) On June 21, 2019, Defendants filed an opposition to the motion. (ECF No. 48.) On July 3, 2019, Plaintiff filed a reply. (ECF No. 49.) Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

---

[1] On September 13, 2017, the court issued an order for this case to proceed only against defendants Scalia and Huerta for use of excessive force and against defendant Scalia for retaliation, dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 11.) On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 37.)

1

## II. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things; or to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

Under Rule 34(b), "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons . . . An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

B.     **Plaintiff's Motion**

Plaintiff requests a court order compelling Defendants to produce (1) Medical records entitled "Patient Health Information Portal" for Larry William Cortinas P-09908 for the following years: 2014, 2015, 2016, 2017, 2018, and 2019; and (2) C.S.P. Corcoran Unit 4 Facility

3A sign-in log pages for December 31, 2014, second and third watch only, approximately for the hours 0600 to 2200 hours.[2]

Plaintiff declares that these records are necessary to his case and unavailable to Plaintiff by any other way. (Pltf. Decl., ECF No. 46 at 2 ¶ 1.) Plaintiff claims that the California Department of Corrections and Rehabilitation has refused to provide Plaintiff's medical records that relate to the Patient Health Information Portal, and that these items were not included in the records sent to Plaintiff. (Id. ¶¶ 2, 3.) According to Plaintiff there are emails between Doctor P. Lenior and Chief Physician C. McCabe that were not provided, which discuss Plaintiff and are also missing. (Id. ¶ 4.)

### C. Defendants' Opposition

In opposition, Defendants first argue that Plaintiff's motion should be denied because he did not exchange written correspondence with Defendants to resolve the issues as required by the court's Discovery and Scheduling Order, ECF No. 39. Second, Defendants argue that Plaintiff's motion should be denied because the motion does not show that Plaintiff has requested the documents listed and fails to identify or attach any of Plaintiff's document requests or Defendants' responses thereto. In addition, Defendants assert that Plaintiff simply has not requested the sign-in log pages he seeks. However, in the interest of efficiency, Defendants state that they will produce the sign-in log pages rendering Plaintiff's motion moot as to those documents.

---

[2] In his reply to Defendants' opposition, Plaintiff states that he is "still awaiting my copy of the deposition conducted December 5, 2018 at MCSP," and "the complaint sent by Cortinas P-09908 to the Attorney General's Office of California in 2014 and their response." (ECF No. 49 at 23-25.) Plaintiff did not make these two requests until he filed his reply brief. It is well established in this circuit that "'[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'" Northwest Acceptance Corp. v. Lynnwood Equipment, Inc. 841 F.2d 918, 924 (9th Cir. 1988) (quoting United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986) (quoting Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981)); accord In re Ledstrom, 2017 WL 1239144 (D.Nevada 2017). The court declines to address these untimely requests.

Defendants claim that they have already responded to Plaintiff's request for medical records and have produced the records. Attached to Defendants' opposition is a copy of Plaintiff's first request for production of documents, which Defendants declare is the only set of requests for production they have received from Plaintiff in this case. (Duggan Decl., ECF No. 48-1 ¶¶ 2, 3 & Exh. A.) Defendants represent that they produced over one thousand pages of medical records to Plaintiff in response to the request. (Id. ¶ 4.)

Defendants indicate that Plaintiff apparently believes there are additional records entitled "Patient Health Information Portal," but in fact, the Patient Health Information Portal is a computer program that allows access to patient health records and is not a title for a set of documents. Defendants suggest that Plaintiff write a letter to Defendants' counsel describing in greater detail the documents that he believes are missing.

**D.  Discussion**

Plaintiff is proceeding *pro se* and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including the need to meet and confer in good faith prior to involving the court in a discovery dispute. Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 19 at 2:20-22, Discovery and Scheduling Order. Nevertheless, voluntary compliance was encouraged, and at a minimum the parties were directed to exchange written correspondence in an attempt to resolve the discovery issues. (ECF No. 19 at 2:20-22.) Defendants argue that Plaintiff has not exchanged written correspondence with them to resolve the issues, nor identified or attached any of Plaintiff's document requests or Defendants' responses thereto.

Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Therefore, Plaintiff's motion to compel shall not be dismissed based on his failure to follow the procedures discussed by Defendants.

Plaintiff's request for the production of sign-in log pages appears to be moot since Defendants have stated that they will produce the sign-in log pages for Plaintiff in the interest of

efficiency. If Defendants have not yet provided the log pages to Plaintiff, Defendants are required by this order to provide them within 20 days of this order.

There is a clear difference of opinion between Plaintiff and Defendants whether the "Patient Health Information Portal (PHIP)" includes medical records that Defendants have not already provided to Plaintiff. Plaintiff insists that the PHIP is a record contained inside his medical file consisting of the physicians' opinions, what his impressions are of the patient, and conversations had with the patient intended for doctors' eyes only. Plaintiff contends that there are emails between Doctor Lenior and Chief Physician C. McCabe that were not provided to him. On the other hand, Defendants assert that the PHIP is a computer program that allows access to patient health records, not a title for a set of documents. This difference of opinion, however, is not relevant to the court's ruling here because the court finds that Plaintiff has not provided sufficient information about his efforts to obtain the medical records in question, as discussed next.

Plaintiff asserts that the CDCR has refused to provide the records he seeks and that he is unaware of any other way to obtain them, however Plaintiff has not described his efforts to request and access these files through an Olson review or a subpoena *duces tecum*, nor has he explained why the CDCR denied his request. Under Olson,[3] plaintiff may request review of his CDCR files, including his Central file and medical file. Although a motion to compel may be necessary if an Olson review is denied, Plaintiff here has not sufficiently described his efforts to request and access these files. Cf. Womack, 2011 WL 6703958 at *7) (overruling defendants' objection that plaintiff is able to obtain documents through an Olson review based on plaintiff's declaration that he requested and attempted to conduct such review, but was informed that the files were incomplete); see also Singleton v. Hedgepath, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (plaintiff's motion to compel defendants' production of documents from his prison file denied because there was no indication plaintiff requested an Olson review, and it

---

[3] An Olson review refers to the right of California inmates to inspect all non-confidential **records** maintained in their central and medical files, as established in In re Olson, 37 Cal. App. 3d 783, 112 Cal. Rptr. 579 (1974).

appeared the records were equally available to plaintiff for inspection and copying). The court is sympathetic to the litigation challenges faced by *pro se* prisoners. But it appears that Plaintiff may be able to obtain the documents sought by following prison procedures. See Glass v. Diaz, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007) (where prison medical records are "equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels"); see also Valenzuela v. Smith, 2006 WL 403842, at *2 (E.D. Cal. Feb. 16, 2006) (defendants not required to produce documents that were "equally available to plaintiff in his prison medical file or in the prison law library").

Without sufficient explanation of Plaintiff's attempts to request his files through an Olson review or a subpoena *duces tecum*, the court will not compel any further production from Defendants in response to Plaintiff's request for production of documents. Accordingly, Plaintiff's motion to compel production of medical records shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel Defendants to produce log-in pages is DENIED as moot;
2. Defendants are required to provide Plaintiff with the log-in pages within 20 days of this order, if they have not already done so; and
3. Plaintiff's motion to compel production of medical records, filed on June 4, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **November 14, 2019**           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE