UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. HUERTA, et al.,<br><br>    Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED AS MOOT**<br>**(ECF No. 51.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the original Complaint, filed on January 30, 2017, against Correctional Officers J. Scalia and C/O M. Huerta ("Defendants") for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

---

[1] On September 13, 2017, the court issued an order for this case to proceed only against defendants Scalia and Huerta for use of excessive force and defendant Scalia for retaliation, and dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 11.) On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 37.)

On July 24, 2019, Defendants filed a motion for summary judgment on the ground that Plaintiff's claims are barred under the favorable termination doctrine in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).[2]  (ECF No. 51.)  On August 7, 2019, Plaintiff filed an opposition to the motion.  (ECF Nos. 55-56.)  On August 13, 2019, Defendants filed a reply.  (ECF No. 57.)

On February 18, 2020, Plaintiff filed a "Declaration of New Facts Which Moot the Heck Bar Question."  (ECF No. 64.)  On March 3, 2020, Defendants filed a response to Plaintiff's declaration.  (ECF No. 65.)

On November 21, 2020, the court issued an order withdrawing the November 21, 2019, findings and recommendations in light of the parties' arguments post-findings-and-recommendations.  (ECF No. 66.)  The court now enters new findings and recommendations.

For the reasons set forth below, the court finds that Defendants' motion for summary judgment should be denied as moot.

## II. SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3);

///

Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord

---

[2] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).  (ECF No. 51-2.)

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he only needs to prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at these findings and recommendations, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///
///
///
///

**III.     PLAINTIFF'S ALLEGATIONS AND CLAIMS**

**Allegations in the Complaint[3]**

Plaintiff is presently incarcerated at California State Prison-Sacramento in Represa, California. The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff's allegations of excessive force follow.

On December 31, 2014, at approximately 10:00 a.m., C/O Huerta ordered Plaintiff to exit his cell so his cable box could be fixed. C/O Huerta handcuffed Plaintiff per policy, then escorted him roughly 20 feet to the shower. The handcuffs were left on. After about 10 minutes, C/O Huerta and C/O Scalia ordered Plaintiff to back out of the shower. C/O Huerta placed a "controlled arm bar hold[, g]ripping both my thumbs." (ECF No. 1 at 4.) As Plaintiff approached his cell's open door, C/O Scalia and C/O Huerta slammed Plaintiff into the wall. C/O Huerta applied his estimated 280 pounds into Plaintiff's back, while C/O Scalia pulled Plaintiff's right [leg] out from under him. C/O Huerta landed on Plaintiff's back as Plaintiff was slammed onto the concrete floor. C/O Scalia grabbed Plaintiff's hair and beard and slammed his face into the floor by lifting up Plaintiff's head by the hair. Then C/O Scalia placed his knee on Plaintiff's neck and pounded Plaintiff's head into the concrete floor 10 times as he said, "You like this." (ECF No. 1 at 5.) After the tenth time, Plaintiff lost consciousness. He had a lemon-size knot on his left temple, a black eye, dizziness, ears ringing for two days, and vomiting. Only due to the control tower's alertness was an alarm sounded. For two weeks, Plaintiff was denied medical treatment. He still suffers back and neck pain.

Plaintiff requests monetary damages and injunctive relief.

**Excessive Force Claims**

---

[3] Plaintiff's Complaint is verified, and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004). The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible. The court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections which follow.

Plaintiff now proceeds with claims of excessive force by defendants Huerta and Scalia. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

///
///
///
///

## IV. HECK V. HUMPHREY[4] – FAVORABLE TERMINATION RULE

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" Simpson v. Thomas, 528 F.3d 685, 693 (9th Cir. 2008) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Thus, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding. Heck, 512 U.S. at 438-37. This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (holding that claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis omitted)). Stated another way, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n. 6). However, when the § 1983 claim does not necessarily implicate the underlying disciplinary action (or criminal conviction), it may proceed. See Muhammad v. Close, 540 U.S. 749, 754-55 (2004).

///
///
///
///

---

[4] 512 U.S. 477 (1994).

## V. DISCUSSION

In their motion for summary judgment filed on July 24, 2019, Defendants argue that Plaintiff's § 1983 case is Heck-barred because at his disciplinary hearing he pled guilty and was found guilty of resisting officers and penalized with the loss of 90 good-time credits, which affected the length of his confinement and have not been restored. (RVR Log No. 3AAS-14-12-010 at 3 (Borunda Decl. ¶¶ 5, 6 & Ex. A)); Cortinas Dep. at 54:13-56:3 (Duggan Decl. Ex. B.))

On February 18, 2020, Plaintiff submitted a declaration asserting that his good-time credits, which were revoked at his RVR hearing on February 4, 2015, were restored on February 4, 2020. (ECF No. 64.) Plaintiff submitted evidence that on February 4, 2020, a hearing was held by the Classification Committee and Plaintiff's 90 good-time credits that he had forfeited at his RVR hearing on December 31, 2014, were restored. (Id.) In addition to alleging that his credits have been restored, Plaintiff attaches documents to his declaration showing that a hearing by the Classification Committee was held on February 4, 2020, where the Committee restored Plaintiff's forfeiture of 90 days of credit. (Id., Exh. A.)

Plaintiff made no such allegation in his Complaint or in his opposition to Defendants' motion for summary judgment, both which were filed before his credits were restored. Plaintiff is not precluded from adding new evidence at this late date. "'The non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition and minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit.'" (Yeager v. Bowlin, 693 F.3d 1076, 1081 (9th Cir. 2012) (quoting Van Asdale v. International Game Technology, 577 F.3d 989, 999 (9th Cir. 2009) (quoting Messick v. Horizon Indus., 62 F.3d 1227, 1231 (9th Cir. 1995) (internal quotation marks omitted)).

Under Heck, there is no bar to suit if "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Defendants acknowledge that Plaintiff's credits have been restored. (ECF No. 65 at 1:24.) Based on Plaintiff's allegations in

///

///

7

the Complaint, and the evidence that Plaintiff's credits were restored, the court finds that Defendants' motion for summary judgment based on Heck's favorable termination rule is moot. As stated by the United States Supreme Court in Skinner v. Switzer, 562 U.S. 521 (2011), "[h]abeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier' release from confinement." Rios v. Paramo, No. 14CV01073WQHDHB, 2016 WL 8731085, at *30–31 (S.D. Cal. July 15, 2016), report and recommendation adopted, No. 14CV1073 WQH (DHB), 2016 WL 4709063 (S.D. Cal. Sept. 9, 2016) (citing Skinner, 562 U.S. at 524) (citing Wilkinson, 544 U.S. at 82). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." Id; see also Ramirez, 334 F.3d at 859 ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Therefore, the court recommends that Defendants' motion for summary judgment be denied as moot, with leave to file a new motion for summary judgment within 60 days, addressing the claims remaining in this case.

**VI. CONCLUSION AND RECOMMENDATIONS**

The court finds that in light of Plaintiff's new evidence that his forfeited credits were restored, and Defendants' acknowledgement of that fact, Defendants' motion for summary judgment based on Heck's favorable termination should be denied as moot.

Therefore, based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. The motion for summary judgment filed by defendants Huerta and Scalia on July 24, 2019, (ECF No. 51), be DENIED as moot, with leave to file a new motion for summary judgment on the claims remaining in this case within 60 days; and

2. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

and filed within ten **(10) days** after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d at 838-39 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 1, 2020**           **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE