UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>M. HUERTA, et al.,<br><br>Defendants. | **1:17-cv-00130-AWI-GSA (PC)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Document# 72)** |

On November 12, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff appears to seek counsel to assist him with defense of a motion for summary judgment.  He complains that Defendants have wrongly stated that Plaintiff failed to exhaust his remedies.  These conditions do not make Plaintiff's case exceptional.  At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits.  While the court has found that the court finds that "Plaintiff states cognizable claims in the Complaint against defendants Huerta and Scalia for use of excessive force in violation of the Eighth Amendment, and against defendant Scalia for retaliation in violation of the First Amendment," these findings are not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 9 at 11:16-19.)  The legal issues in this case --whether defendants used excessive force against plaintiff and retaliated against him -- are not complex.  Moreover, based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **November 19, 2020**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE