UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>M. HUERTA, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT HUERTA'S MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br>**(ECF No. 69.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the original Complaint, filed on January 30, 2017, against Correctional Officers J. Scalia and M. Huerta for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On July 6, 2020, defendant Huerta ("Defendant") filed a motion for summary judgment on the grounds that (1) Plaintiff has abandoned his claim against Defendant Huerta, and (2)

---

[1] On September 13, 2017, the court issued an order for this case to proceed only against defendants Scalia and Huerta for use of excessive force, and defendant Scalia for retaliation, and dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 11.) On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 37.)

1

Defendant Huerta did not use excessive force against Plaintiff.[2]  (ECF No. 69.)  On July 14, 2020, Plaintiff filed an opposition to the motion.  (ECF No. 70.)  On July 21, 2020, Defendant Huerta filed a reply to the opposition.  (ECF No. 71.)  The motion is deemed submitted.  Local Rule 230(*l*).

For the reasons set forth below, the court recommends that Defendant Huerta's motion for summary judgment be granted.

## II.    SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he only needs to prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show

---

[2] Concurrently with his motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).  (ECF No. 69-1.)

more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at these findings and recommendations the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

**Allegations in the Complaint[3]**

Plaintiff is presently incarcerated at California State Prison-Sacramento in Represa, California. The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff's allegations of excessive force follow:

---

[3] Plaintiff's Complaint is verified, and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004). The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible. The court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections which follow.

On December 31, 2014, at approximately 10:00 a.m., C/O Huerta ordered Plaintiff to exit his cell so his cable box could be fixed. C/O Huerta handcuffed Plaintiff per policy, then escorted him roughly 20 feet to the shower. The handcuffs were left on. After about 10 minutes, C/O Huerta and C/O Scalia ordered Plaintiff to back out of the shower. C/O Huerta placed a "controlled arm bar hold[, g]ripping both my thumbs." (ECF No. 1 at 4.) As Plaintiff approached his cell's open door, C/O Scalia and C/O Huerta slammed Plaintiff into the wall. C/O Huerta applied his estimated 280 pounds into Plaintiff's back, while C/O Scalia pulled Plaintiff's right [leg] out from under him. C/O Huerta landed on Plaintiff's back as Plaintiff was slammed onto the concrete floor. C/O Scalia grabbed Plaintiff's hair and beard and slammed his face into the floor by lifting up Plaintiff's head by the hair. Then C/O Scalia placed his knee on Plaintiff's neck and pounded Plaintiff's head into the concrete floor 10 times as he said, "You like this." (ECF No. 1 at 5.) After the tenth time, Plaintiff lost consciousness. He had a lemon-size knot on his left temple, a black eye, dizziness, ears ringing for two days, and vomiting. Only due to the control tower's alertness was an alarm sounded. For two weeks, Plaintiff was denied medical treatment. He still suffers back and neck pain.

Plaintiff requests monetary damages and injunctive relief.

**Excessive Force Claims**

Plaintiff now proceeds with claims of excessive force against defendants Huerta and Scalia. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### IV. DEFENDANT HUERTA'S UNDISPUTED FACTS (DUF)[4]

Defendant Huerta submitted this statement of undisputed facts in support of his motion for summary judgment. These facts are undisputed for purposes of this motion only, and Defendant reserves the right to present different or additional facts at trial.

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 1. Plaintiff Larry William Cortinas (CDCR No. P-09908) is a CDCR inmate who was housed at CSP-Corcoran on December 31, 2014. | 1. Compl. 3, ECF No. 1. |

---

[4] Plaintiff failed to properly address Defendant's statement of undisputed facts, as required by Local Rule 260(b). Accordingly, the court may consider Defendant's assertions of fact as undisputed for purposes of this motion. Id; Fed. R. Civ. P. 56(e)(2). However, in light of the Ninth Circuit's directive that a document filed *pro se* is "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, and Rule 8(e) of the Federal Rules of Civil Procedure provides that "[p]leadings shall be construed so as to do justice," see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), the court shall strive to resolve this motion for summary judgment on the merits.

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 2. Defendants Huerta and Scalia are CDCR correctional officers who were working at CSP-Corcoran on December 31, 2014. | 2. Compl. 3-4, ECF No. 1. |
| 3. On December 31, 2014, Defendants Huerta and Scalia escorted Cortinas toward Cortinas's cell. | 3. Compl. 3-4, ECF No. 1; Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |
| 4. A Rules Violation Report regarding the December 31, 2014 incident states that Cortinas began resisting Defendants' escort by pushing back toward officer Huerta. | 4. Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |
| 5. A Rules Violation Report regarding the December 31, 2014 incident states that officer Huerta ordered Cortinas to stop resisting but Cortinas continued resisting and attempted to turn toward the officers. | 5. Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |
| 6. On December 31, 2014, officers took physical control of inmate Cortinas and forced him to the ground. | 6. Compl. 4, ECF No. 1; Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |
| 7. A Rules Violation Report regarding the December 31, 2014 incident states that as Cortinas was going to the ground, it appeared he hit his head on the curb of the tier. | 7. Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |
| 8. During the December 31, 2014 incident, an alarm was sounded and additional CDCR staff members arrived, who took over custody of Cortinas. | 8. Compl. 5, ECF No. 1; Rules Violation Report Log No. 3AAS-14-12-010 at 1 (Borunda Decl. Ex. A). |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 9. On January 14, 2015, the investigation into the December 31, 2014 incident involving Plaintiff Cortinas was concluded. | 9. Rules Violation Report Log No. 3AAS-14-12-010 at 2 (Borunda Decl. Ex. A). |
| 10. Cortinas was charged with "Willfully Resisting a Peace Officer Resulting in the Use of Force" in Rules Violation Report (RVR) log number 3AAS-14-12-010. | 10. Rules Violation Report Log No. 3AAS14-12-010 at 2-3 (Borunda Decl. Ex. A). |
| 11. On February 13, 2015, Cortinas appeared before the Senior Hearing Officer (SHO) for adjudication of the RVR. Cortinas pled guilty, and was found guilty of "Willfully Resisting a Peace Officer Resulting in the Use of Force." | 11. Rules Violation Report Log No. 3AAS14-12-010 at 3 (Borunda Decl. Ex. A); Borunda Decl. ¶ 5. |
| 12. In his complaint, Cortinas asserts that on December 31, 2014, Defendants attacked him without any provocation. | 12. Compl. 4, ECF No. 1. |
| 13. In his complaint, Cortinas asserts that Defendants took Cortinas to the ground, and once he was there, Defendant Scalia slammed his head into the ground ten times. | 13. Compl. 4, ECF No. 1. |

**V.    DEFENDANT HUERTA'S ARGUMENTS**

Defendant Huerta argues that Plaintiff has abandoned his claim against Huerta and that there is no genuine issue of material fact as to whether Defendant Huerta used excessive force. Defendant's evidence includes Plaintiff's allegations in the Complaint (ECF No. 1); the declaration of R. Borunda (Correctional Case Records Manager) (ECF No. 69-4); Rules Violation Report Log No. 3AAS-14-12-010 (Exhibit A to ECF No. 69-4 at 4-8); and Plaintiff's August 7, 2019 opposition (ECF Nos. 55, 56) to the prior motion for summary judgment (ECF No. 51) filed by defendants Huerta and Scalia in this case on July 24, 2019.

Defendant Huerta argues that Plaintiff abandoned his claim that Huerta used excessive force against him when Plaintiff failed to oppose Defendants' prior motion for summary judgment with regard to that claim. Defendant shows evidence that in response to Defendants' Heck-bar motion for summary judgment, Plaintiff stated that "[t]he challenge [in this matter] is to treatment after prone upon the floor." (Pltf's Opp'n, ECF No. 55 at 5.) Plaintiff further stated: "It is still plaintiff's position that the excessive force at issue occurred. After plaintiff was prone on his stomach [*sic*]." (Id. at 2-3.) Defendant argues that according to Plaintiff's statements in his opposition (and Plaintiff's Complaint), only defendant Scalia used excessive force on Plaintiff after he was prone on the floor. (Id. at 1-3; see also Pltf's Complaint, ECF No. 1 at 4.) Defendant asserts that Plaintiff's opposition did not argue that any claims regarding force used before he was prone on the floor should continue in this case. (Id. at 1-6; see also Pltf's Opp'n to Summ. J. as Untimely, ECF No. 56 at 1-3.)

Defendant Huerta also argues that because there is no evidence showing that he used excessive force against Plaintiff, there is no evidence showing a genuine issue of material fact for trial as to Plaintiff's claim against Defendant Huerta.

Based on Defendant Huerta's arguments and evidence, the court finds that Defendant Huerta has met his burden of demonstrating that Plaintiff has no evidence that Defendant Huerta used excessive force against Plaintiff. Therefore, the burden now shifts to Plaintiff to produce evidence of a genuine material fact in dispute that would affect the final determination in this case.

**VI.   PLAINTIFF'S OPPOSITION**

In opposition, Plaintiff has submitted his declaration, signed under penalty of perjury, (ECF No. 70), in which he argues that there is no factual dispute at issue for trial because Defendant Huerta has not submitted a sworn declaration. In support of this argument, Plaintiff cites Defendant's statement of undisputed material facts, which states on Line 22 that "[t]hese factors are undisputed for purposes of this motion only, and defendant reserves the right to present different of additional facts at trial." (ECF No. 70 at 1:15-17.) Plaintiff also argues that

///

Defendant Huerta should have attempted to stop defendant Scalia from taking harmful actions. Plaintiff asserts that he was already in handcuffs and posed no threat.

**VI.  DISCUSSION**

Defendant Huerta moves for summary judgment on Plaintiff's only claim against him, for use of excessive force in violation of the Eighth Amendment.  To establish that a prison official used excessive force, an inmate must prove that the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Hudson, 503 U.S. at 7; see also Whitley v. Albers, 475 U.S. 312, 320-321 (1986).

Defendant's argument that Plaintiff abandoned any claim that he was subject to excessive force before he was prone on the ground has merit.  "[I]t is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment." Davis v. City of Las Vegas, 478 F.3d 1048, 1058 (9th Cir. 2007) (quoting BankAmerica Pension Plan v. McMath, 206 F.3d 821, 826 (9th Cir. 2000) (citing USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1284 (9th Cir.1994)).  "A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case." Davis, 478 F.3d at 1058; accord Scott v. Moore, No. 2:08-CV-2006-RCF (PC, 2010 WL 1404411, at *3 (E.D. Cal. Apr. 6, 2010).

As background, defendants Scalia and Huerta, between them, have now filed three motions for summary judgment  in this case, including the present motion.  On December 27, 2017, defendant Scalia filed a motion for summary judgment (ECF No. 24) based on Plaintiff's failure to exhaust administrative remedies for Plaintiff's retaliation claim against defendant Scalia.  On July 24, 2019, defendants Huerta and Scalia filed a motion for summary judgment (ECF No. 51) on the ground that Plaintiff's excessive force claims were barred by the favorable termination doctrine in Heck v. Humphrey, 512 U.S. 477 (1994).  And finally, on July 6, 2020, Defendant Huerta filed the present motion for summary judgment (ECF No. 69) on the ground that Plaintiff abandoned his excessive force claim against Defendant Huerta.

///

Here, Defendant Huerta's evidence shows that Plaintiff filed an opposition to Defendants' prior Heck-bar motion for summary judgment (ECF No. 51) stating, "The challenge [in this matter] is to treatment *after prone upon the floor*." (Pltf's Opp'n, ECF No. 55 at 5) (emphasis added). Plaintiff's opposition further stated, "[i]t is still plaintiff's position that the *excessive force at issue occurred. After plaintiff was prone on his stomack* [*sic*]." (Id. at 2-3) (emphasis added). According to Plaintiff's opposition argument it clearly appears that Plaintiff is alleging that it was only defendant Scalia who used excessive force when Plaintiff asserts that Huerta should have attempted to stop Scalia (see, Plaintiff's Opposition to Defendant Huerta's Motion for Summary Judgment, filed July 14, 2020) When Plaintiff stated that his excessive force claims were only based on Defendants' treatment against him when he was "prone upon the floor," Plaintiff chose a position that removed the issue of whether excessive force was used against him by Defendants before he was forced to the ground.

Plaintiff alleged in the Complaint:

> At or about 10am on December 31, 2014, Correctional Officer M. Huerta ordered me to exit Cell 201 of Unit 4 on Facility 3A located [at] C.S.P. Corcoran, so my cable box could be fixed. Correctional Officer M. Huerta handcuffed me per policy, then escorted me the roughly 20 feet to the upper tier A section shower. Once inside the shower, the handcuffs were left on. About ten minutes passed. When Correctional Officers M. Huerta and J. Scalia ordered me to back out of the shower, Correctional Officer M. Huerta placed a controlled arm bar hold, gripping both my thumbs. As I approached my cell's open door, Correctional Officers J. Scalia and M. Huerta shammed me into the wall. C/O M. Huerta applied his estimated 280 pounds into my back. While C/O J. Scalia pulled my right [] out from under me, C/O M Huerta landed on my lower back as I was slammed onto the [concrete] floor. C/O Scalia grabbed my head hair and beard. C/O Scalia did this by lifting up my head by the hair, then using his knee upon my neck and head, pound[ed] my head 10 times into the [concrete] floor, as he said, "You like this." After the 10th time, I lost awareness.

(Complaint, ECF No. 1 at 4-5.)  Thus, while Plaintiff's Complaint alleges that he was slammed to the floor, it was defendant Scalia who applied excessive force against Plaintiff after he was prone on his stomach.  And while an argument could be made that defendant Huerta assisted Scalia after Plaintiff was taken to the floor when Huerta landed on the lower half of Plaintiff's body—thus arguably helping to hold Plaintiff down while Scalia assaulted him-- Plaintiff did not address this issue in his opposition to the present motion for summary judgment other than to assert that Huerta should have attempted to stop Scalia.  However, an argument that Huerta should have attempted to stop the assault (a failure to protect claim) is not at issue in this case.  Moreover, based on Plaintiff's statements in his opposition to Defendants' prior motion for summary judgment, and in his opposition to the current motion for summary judgment, the court finds that Plaintiff has abandoned the theory upon which his excessive force claim may have existed against Defendant Huerta.

Additionally, Plaintiff's argument that there is no factual dispute at issue for trial because Defendant Huerta has not submitted a sworn declaration,  also fails.  Defendant Huerta correctly responded in his reply to Plaintiff's opposition that he did not need to submit a declaration in support of this motion.  (ECF No. 71 at 2:18-25.)  See Celotex Corp., 477 U.S. at 323 ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.") Instead, the "burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case."

**VI.   CONCLUSION AND RECOMMENDATIONS**

The court finds that based on the undisputed facts, Defendant Huerta is not liable for excessive force against Plaintiff in violation of the Eighth Amendment, and Defendant Huerta's motion for summary judgment should be granted.

Therefore, based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. The motion for summary judgment filed by Defendant Huerta on July 6, 2020, (ECF No. 69), be GRANTED;
2. Defendant Huerta be dismissed from this case; and

3.      This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten **(10) days** after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d at 838-39 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2021**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE