UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. HUERTA, et al.,<br><br>　　　　Defendants. | 1:17-cv-00130-AWI-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO REINSTATE RETALIATION CLAIM AGAINST DEFENDANT SCALIA AND TO REINSTATE DEFENDANT HUERTA**<br>**(ECF No. 92.)** |

## I. BACKGROUND

Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the original Complaint, filed on January 30, 2017, against Correctional Officer J. Scalia for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.) This case is scheduled for a settlement conference on May 24, 2021 at 9:30 a.m. before Magistrate Judge Stanley A. Boone.

---

[1] On September 13, 2017, the court issued an order in this case to proceed only against defendants Scalia and Huerta for use of excessive force, against defendant Scalia for retaliation, and dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 11.) On August 20, 2018, the court dismissed Plaintiff's retaliation claim against defendant Scalia based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 37.) On January 28, 2021, the court granted defendant Huerta's motion for summary judgment and entered judgment in favor of defendant Huerta. (ECF Nos. 76, 77.) Therefore, this case now proceeds only against defendant Scalia for use of excessive force against Plaintiff.

On May 6, 2021, Plaintiff filed a motion for leave to amend the complaint. (ECF No. 92.)

**II.   LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, defendants Scalia and Huerta filed an answer to Plaintiff's complaint on December 1, 2017, and more than 21 days have passed since that date. (ECF No. 17.) Therefore, Plaintiff requires leave of court or defendant Scalia's consent to file an amended complaint.[2] Defendant Scalia has not consented to the proposed amendment.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks leave to amend the complaint to add a retaliation claim against defendant Scalia and to reinstate C/O Huerta as a defendant in this action.

Plaintiff requests leave to add allegations to the complaint that defendant C/O Scalia retaliated against Plaintiff on December 31, 2014, by using excessive force against him because Plaintiff had filed a civil suit against defendant Scalia on December 19, 2014. Plaintiff speculates

---

[2] Defendant Scalia is the only defendant remaining in this case.

that defendant Scalia read the Complaint against him in the December 19, 2014 case when Scalia filed it and returned it. (ECF No. 92 at 1:26-2:2 ("December 19, 2014 plaintiff filed a civil suit Cortinas vs. Joe Scalia. C/O Scalia had to file it & return it. Upon return he must have read the document.")). Plaintiff also seeks to add allegations that on December 31, 2014, when defendants Scalia and Huerta used force against Plaintiff, defendant Scalia acted out of retaliation for the case Plaintiff had filed against him. (ECF No. 92 at 2:24-27 ("Prior to that C/O Scalia was the subject of Cortinas vs. Scalia case 1:14-cv-02015-SKO – this proves retaliation by Scalia, motive and reason. The December 19th 2014 filing followed by the December 31, 2014 beating.")).

Plaintiff requests as relief in this motion "amendment of Complaint to include C/O Huerta" and "reprisal against Plaintiff by C/O Scalia." (ECF No. 92 at 3:6-7.)

### III. DISCUSSION

Plaintiff's motion for leave to amend must be denied because the motion is untimely, produces an undue delay in the litigation, prejudices defendants Scalia and Huerta, and is futile. Even if Plaintiff's motion were timely, which it is not, Plaintiff has not presented any new evidence to support claims against defendants Scalia and Huerta, and the amendment would reinstate a defendant who has already been terminated, without justification.

Rule 15 does not permit amendment where amendment causes undue delay in litigation. AmerisourceBergen Corp., 465 F.3d at 951. A party's undue delay in moving for leave to amend may be excused if there is new evidence to support the amended pleading. Duhn Oil Tool, Inc. v. Cooper Cameron Corp., 609 F.Supp.2d 1090, 1093 (E.D.Cal. 2009); see Buel v. City & Cnty. of San Francisco, 166 F. App'x 901, 903 (9th Cir. 2006). Conversely, the Court will not grant leave to amend if the allegedly new evidence was available or reasonably obtainable with due diligence at an earlier time. See Buel, 166 F. App'x at 903.

Additionally, if a motion to amend is filed after the Court ordered deadline for amendments has passed, the moving party must first demonstrate good cause for failing to comply with the scheduling order. Fed. R. Civ. P. 16(b)(4). "Because the party's request now implicates the effective administration of justice, the party must show good cause in order to procure the court's consent." Price v. Trans Union, L.L.C., 737 F.Supp.2d 276, 279 (E.D.Pa.

2010) (Robreno, J.). "Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. See Fed. R. Civ. P. 16, Advisory Committee Note (1983) (stating that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

This is Plaintiff's second motion to amend filed within two months. On March 31, 2021, Plaintiff filed a motion to amend the complaint to reinstate defendant Huerta. (ECF No. 84.) The court denied the motion as untimely, prejudicial, and futile on April 7, 2021. (ECF No. 89.) Now, on May 6, 2021, Plaintiff has filed another motion for leave to amend which shall be denied for the same reasons.

In the court's Discovery and Scheduling Order filed on December 4, 2017, the court set a deadline of April 3, 2018, for the parties to amend pleadings. (ECF No. 19 at 4 ¶ B.) On August 21, 2018, the court issued another Discovery and Scheduling Order with a new deadline of December 19, 2018. (ECF No. 39.). Now, more than two years later, on May 6, 2021, Plaintiff seeks to amend the complaint. (ECF No. 92.) As Plaintiff was advised in the court's previous order on April 7, 2021, Plaintiff is not relieved of his obligation to comply with court's rules and procedures simply because he is proceeding pro se. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.")

The court finds no good cause to grant Plaintiff's motion. First, in violation of Local Rule 137(c), Plaintiff has not submitted a proposed amended complaint for the court's review.[3] Second, permitting amendment now, three years after the amendment deadline, after summary judgment has been entered, on the eve of a settlement conference, would be exceedingly untimely

---

[3] "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave . . ." Local Rule 137(c).

and would substantially and unjustly harm defendants Scalia and Huerta. Third, Plaintiff has not demonstrated good cause for his failure to comply with the court's scheduling order. Fourth, Plaintiff has not shown that he has any new evidence to support new claims against defendants Scalia and Huerta. Plaintiff only speculates, without supporting facts, that defendant Scalia read Plaintiff's civil suit that he filed against defendant Scalia and then proceeded to use force against Plaintiff in retaliation for Plaintiff's civil suit. Such speculation is not evidence, and Plaintiff has not explained how such speculation would support a claim. In sum, Plaintiff's effort to amend his complaint violates Local Rules, is exceedingly untimely, will not add any new evidence relevant to this § 1983 case, will prejudice defendants Scalia and Huerta, and would be futile.

Therefore, for the reasons set forth above, Plaintiff's motion to amend the complaint shall be denied. The court shall not consider any further motions by Plaintiff for leave to amend the complaint in this action.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint, filed on May 6, 2021, is DENIED; and
2. The court shall not consider any further motions by Plaintiff for leave to amend the complaint in this action.

IT IS SO ORDERED.

Dated: **May 7, 2021**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE